# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA R. MCCAFFERTY,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA MEDICAL CENTER and BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>    Defendants. | CASE NO.  8:25CV493<br><br>STIPULATED PROTECTIVE ORDER |

Upon consideration of the parties' joint request for entry of a Protective Order, *(Filing No. 19)*, the Court enters the following Stipulated Protective Order ("Protective Order") governing the disclosure of Confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Protective Order:

   a. "Action" refers to the above-captioned litigation.

   b. "UNMC" refers to the University of Nebraska Medical Center.

   c. "BRUN" refers to the Board of Regents of the University of Nebraska.

   d. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

  e. A "Producing Party" is a party to this Action, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

  f. A "Receiving Party" is a party to this Action that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material.** This Protective Order applies to all Confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, Confidential Discovery Material shall mean and include:

  a. Commercial information relating to the business of any party or UNMC, including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

  b. Personnel records and data of the parties, BRUN, and UNMC, as well as current and former employees of BRUN and/or UNMC, including but not limited to: employment application information; the identity of and information received from employment references; wage and income information; employees' personal or financial information; employee contracts or agreements; benefits information; employment policies and procedures; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

  c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party or involving BRUN or UNMC;

    d. Medical, counseling, or mental health information;

    e. Records restricted or prohibited from disclosure by statute; and

    f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Confidential Discovery Material.

3) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any Confidential Discovery Material produced in this Action.

    a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential" to each page that contains protected material.

    b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c. If it is not feasible to label Confidential Discovery Material as "Confidential," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is "Confidential."

4) **Timing of Confidential Designation.**

    a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Confidential Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the Confidential Discovery Material is disclosed or produced.

    b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential

designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "Confidential." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Protective Order, and designate the materials as "Confidential" as required under this Protective Order.

c. All depositions or portions of depositions taken in this Action that contain Confidential Discovery Material may be designated as "Confidential" either on the record during the deposition or by written notice to the other party within thirty (30) days of receipt of the deposition transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the thirty (30) day period following receipt of the deposition transcript.

5) **Qualified Recipients.** For purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material designated as "Confidential" (hereinafter "Qualified Recipients") are:

a. The parties, including any officers, board members, directors, regents, and employees of BRUN or UNMC (including current and former employees of BRUN or UNMC who have a need to know or review such Confidential Discovery Material in order to represent Defendants' interests in this Action or to sufficiently testify during a deposition at any trial of this Action), or other legal representatives of the parties;

b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel, including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the Confidential Discovery Material in confidence per the terms of this Protective Order, and provided that such persons may only be shown copies of Confidential Discovery Material and may not retain any such material in any medium whatsoever (including physical/paper or electronic copies);

e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the Confidential Discovery Material, and the staff and assistants employed by the consulting or testifying experts;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action, and the staff and assistants employed by the mediator or arbitrator;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

j. Any auditor or regulator of a party entitled to review the Confidential Discovery Material due to contractual rights or obligations, federal or state laws, or court orders, but solely for such contractual or legal purposes.

6) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

a. Require non-expert witnesses, potential witnesses and their counsel, and consulting or testifying expert witnesses who are Qualified Recipients (as defined in Sections 5(c), 5(d), and 5(e)) who receive Confidential Discovery Material designated as "Confidential" to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Exhibit A ("Exhibit A Agreement") before receiving Confidential Discovery Material.

b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of Discovery Material designated as "Confidential" is prohibited as set forth herein.

c. Maintain a record of any Confidential Discovery Material disclosed and to whom, along with the executed copies of the Exhibit A Agreement.

The prohibition on disclosing Discovery Material designated as "Confidential" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

7) **Artificial Intelligence**. Qualified Recipients shall not, without the Producing Party's express written consent, upload, submit, or otherwise provide Confidential Discovery Material (or any information extracted therefrom) or any deposition testimony taken in this matter to any open-source artificial intelligence platform or service including, but not limited to, platforms or services that use or assemble uploaded information to train or improve machine-learning models. This prohibition applies regardless of whether the artificial intelligence platform or service represents it will maintain the confidentiality of information submitted by the user. The parties and their counsel are not prohibited from uploading, submitting, or otherwise providing Confidential Discovery Material (or information extracted therefrom) or any deposition testimony taken in this matter to a closed-source artificial intelligence platform or service, including Westlaw, LexisNexis, Servient's AI Canvas, or any other closed-source artificial intelligence platform or service agreed to by the parties.

8) **Duty as to Designations**.    Each Producing Party that designates Discovery Material as "Confidential" must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of the

material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

9) **Limitations on Use**. Confidential Discovery Material designated as "CONFIDENTIAL" shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever. The parties acknowledge that some of the information produced in this case may be protected health information, or contain such information, within the meaning of the Health Insurance Portability and Accountability Act ("HIPAA"). Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v), and as to the health information requested, counsel and the Receiving Party:

   a. Shall not use or disclose the information for any purpose other than the litigating of this Action;

   b. Shall return or destroy the protected health information (including all copies made) at the end of this Action; and

   c. Shall request, use, and disclose only the minimum amount necessary to conduct this Action.

10) **Maintaining Confidentiality.** Confidential Discovery Material designated as "Confidential" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party shall use their best efforts to maintain all Confidential Discovery Material designated as "Confidential" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality of Discovery Material consents in writing to such disclosure.

11) **Copies.** Confidential Discovery Material designated as "Confidential" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order

of the Court. However, nothing herein shall restrict a Qualified Recipient from loading Confidential Discovery Material designated as "Confidential" into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of Confidential Discovery Material designated as "Confidential" under the terms of this Protective Order.

12) **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the Court for any purpose and that contain Confidential Discovery Material designated as "Confidential" shall be filed under restricted access pursuant to NECivR 5.3(c). If the pleading or document is already subject to this Protective Order or contains Confidential Discovery Material designated as "Confidential" pursuant to this Protective Order, no additional formal motion for leave to file restricted access documents shall be required. A party seeking to file Confidential Discovery Material designated as "Confidential" under restricted access must comply with the Court's rules and electronic docketing procedures for filings.

13) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Confidential Discovery Material designated as "Confidential":

    a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

    b. All deposition testimony which discloses or discusses Confidential Discovery Material designated as "Confidential" is likewise deemed designated as "Confidential".

    c. Confidential Discovery Material designated as "Confidential" may be used at a nonparty deposition only if necessary to the testimony of the witness.

14) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation must first contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to this Action before engaging in written motion practice. If a written motion and briefing are necessary, and if the information in dispute must be reviewed by the Court to resolve that motion, the

Discovery Material designated as "Confidential" shall be filed under restricted access pursuant to the Court's electronic docketing procedures. The party that produced the Confidential Discovery Material designated as "Confidential" bears the burden of proving it was properly designated. The party challenging a "Confidential" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

15) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Confidential Discovery Material designated as "Confidential" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this Protective Order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "Confidential" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

16) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to thoroughly destroy all Confidential Discovery Material designated as "Confidential." The destroying party shall notify the Producing Party in writing when destruction under this provision is complete. If a party is unable to destroy all Confidential Discovery Material designated as "Confidential," that material shall be returned to the Producing Party or the Producing Party's counsel. Notwithstanding the other provisions of this Section, legal counsel for each party may retain up to two (2) complete sets of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the Court, deposition transcripts (including deposition exhibits), and discovery responses and shall remain bound to preserve the confidentiality of such documents and items in accordance with the provisions of this Protective Order. Furthermore, nothing herein shall require legal counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "Confidential" materials attached thereto. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

17) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax, or rescind any restrictions imposed by this Protective Order when convenience or necessity requires.

Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

18) **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Discovery Material designated as "Confidential" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

19) **Sanctions**.

   a. Any party subject to the obligations of this Protective Order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the Court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

   b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power. Upon discovering that certain Confidential Discovery Material was erroneously designated as CONFIDENTIAL, the Producing Party shall promptly notify all other parties of the improper designation and reproduce the Discovery Material at issue without the erroneous "Confidential" designation.

20) **Inadvertent Disclosure of Protected Confidential Discovery Material**.

   a. A Producing Party that inadvertently fails to properly designate Confidential Discovery Material as "Confidential" shall have 30 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

   b. Any Receiving Party notified that Confidential Discovery Material was received without the appropriate "Confidential" designation as authorized under this Protective Order shall make reasonable efforts to retrieve any such Discovery

  Material distributed to persons who are not Qualified Recipients under this Protective Order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated Confidential Discovery Material with those that include the correct "Confidential" designation.

21) **Disclosure of Privileged or Work Product Discovery Material**.

 a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, shall not be a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

 b. Any party who discloses documents that are privileged or otherwise immune from discovery, upon discovery of such disclosure, shall advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The Receiving Party shall also endeavor, in good faith, to return or destroy all copies of such documents in electronic format, and it shall provide the Producing Party with written notice that all copies of the documents have been returned or destroyed. The Receiving Party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

Dated this 9th day of January, 2026.

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| SAMANTHA R. MCCAFFERTY, | |
|     Plaintiff, | CASE NO. 8:25CV493 |
| vs. | |
| UNIVERSITY OF NEBRASKA MEDICAL CENTER and BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | AGREEMENT |
|     Defendants. | |

     I, the undersigned individual, hereby acknowledge that I am about to receive discovery material, documents, or information designated as "Confidential" ("Confidential Discovery Material") supplied in connection with the above-captioned case. I understand that such Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by and comply with its terms. I understand that Confidential Discovery Material as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order. I further agree that the Protective Order applies to me and that I will submit to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of any proceedings relating to the Protective Order.

_____    _____
Signature                                                                   Date

_____
Printed Name